IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER, | No. C 15-4697 JSW (PR) |
| Plaintiff, | **ORDER OF DISMISSAL; DENYING MOTION FOR INTERVENTION** |
| v. | |
| CALIFORNIA SUPREME COURT, | (Dkt. 7) |
| Defendants. | |

**INTRODUCTION**

Anthony R. Turner, a prisoner of the State of California, filed this pro se civil complaint. For the reasons discussed below, the complaint is dismissed. He has been granted leave to proceed in forma pauperis in a separate order.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## LEGAL CLAIMS

Plaintiff alleges that the Superior Court of Yolo County imposed a fine as part of his criminal proceedings, that he was not aware of that fine, and that the Superior Court then imposed a lien on his real property.  Plaintiff seeks a "writ of replevin" restoring the real property to him, a "release" of the lien, and his own release from prison.  Plaintiff has not alleged any basis for this Court's jurisdiction over this case, however.  He does not assert any violation of federal law, and his allegations do not raise a federal question. *See* 28 U.S.C. § 1331.  In addition, as Defendant and Plaintiff are both located in California, there is no diversity jurisdiction. *See* 28 U.S.C. § 1332.  To the extent Plaintiff believes that the fine and/or lien violate state law, he may bring an action in state court.  To the extent he seeks release from custody, he must do so in a petition for a writ of habeas corpus after he has exhausted his claims in the California Supreme Court. *See Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release" from confinement).  Plaintiff should be aware that while he may challenge his custody in a habeas petition, he may not challenge the imposition of a fine. *See Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010).

Plaintiff has also filed a petition for a writ of error coram nobis.  District courts

may not entertain a petition for the writ with respect to challenges to collateral consequences of state court convictions such as Plaintiff's claims here. *Sinclair v. Louisiana*, 679 F.2d 513, 513-15 (5th Cir. 1982).

## CONCLUSION

For the reasons set out above, this action is DISMISSED.

The Clerk shall close the file and enter judgment.

IT IS SO ORDERED.

DATED: November 23, 2015

_____
JEFFREY S. WHITE
United States District Judge